## Potter's Expense Account.

*Election law—Expense account—Where account must be filed—Act of March 5, 1906.*

Where a candidate for the president judgeship of the 17th Judicial District, consisting of Union and Snyder Counties, resides in Snyder County, he need not file his expense account in Union County. If he does so, the court will treat it as a nullity and no audit can be based upon it.

Act of March 5, 1906, § 6, P. L. 78, 80, considered.

Rule to show cause why a petition requesting an audit of a candidate's election account should not be set aside. Q. S. Union Co., Jan. T., 1922, No. 1.

*A. A. Leiser,* for petitioning electors.

*Charles P. Ulrich, P. B. Linn* and *James F. McClure,* for Miles I. Potter.

HECK, P. J., 55th judicial district, specially presiding, Nov. 22, 1921.— It appears that at the primary election held Sept. 20, 1921, there were four candidates seeking the nomination on the Republican ticket for the office of President Judge of the 17th Judicial District, comprising the Counties of Union and Snyder. Two of the candidates reside in Union County, and two in Snyder County; one of whom of the last named county was Miles I. Potter, the successful candidate at the primary election.

As required by the Act of March 5, 1906, P. L. 78, enacted to regulate the primary expenses of candidates for office, Mr. Potter filed on Oct. 5th, in the Court of Quarter Sessions of Snyder County, his expense account, and on the 8th day of the same month he filed a copy of the same account in the Court of Quarter Sessions of Union County.

A petition, signed by six citizens and electors, residents of Union County, was filed in the Court of Quarter Sessions on Oct. 28th, under the provisions of the said Act of 1906, praying for the appointment of an auditor to examine the account of Mr. Potter.

On Nov. 10th Mr. Potter obtained from the Court of Quarter Sessions of Union County a rule to show cause why the petition requesting an audit of his account should not be set aside. The rule was returnable Nov. 16, 1921, at 10 o'clock A. M., when a hearing on it was to be had. On the return-day of the rule an answer was filed by the petitioning electors, and the case we now have for disposition arises from the facts as presented by the petition and answer.

1 D. & C.

A number of questions have been raised by the records, the principal one being: does the law require Miles I. Potter, a resident of Snyder County, as a candidate at the primaries for the office of President Judge of the 17th Judicial District, to file his expense account in the Court of Quarter Sessions of Union County?

As bearing on this question, we refer to the 6th section of the act above mentioned, the 2nd paragraph of which reads as follows: "Every such account, concerning expenses incurred by, or in regard to, candidates for offices to be voted for by the electors of the State at large, shall be filed with the Secretary of the Commonwealth, and every such account concerning expenses incurred by, or in regard to, candidates for other offices, shall be filed with the Clerk of the Court of Quarter Sessions of the several counties where such candidates may respectively reside: Provided, that if any account concerns expenses in regard to candidates who do not all reside in the same county, such accounts shall be filed in each county in which any such candidate (not being a candidate for an office to be voted for by the electors of the State at large) resides."

This is the paragraph of the act that determines the place for filing accounts. An examination of it discloses that if the account is to be filed in Union County, the authority for so doing must be found in the proviso of the paragraph quoted.

In construing the Act of 1906 it must be borne in mind that in specifying who must file expense accounts, "candidates" and "treasurers" of a political committee or persons acting as such treasurer are only mentioned. In designating the place where accounts are to be filed, the legislature has kept this classification in view. Accounts relating to "officers to be voted for by the electors of the State at large" are to be filed with the Secretary of the Commonwealth; when "concerning expenses incurred by, or in regard to, candidates for office," the same language is used in the following clause in defining who shall file accounts for other offices. It is very evident that by the language used the legislature intended to refer to the two classes of accountants just mentioned the words "expenses incurred in regard to candidates," referring to accounts of "treasurers of committees or persons acting as such treasurers," and the other words to candidates for office.

Now, in examining the proviso, we see that this distinction regarding the two classes of accounts is no longer observed, but only such accounts as "concerns expenses in regard to candidates" are provided for.

It would seem very clear, then, that the account to which the proviso applies is treasurers of committee accounts, and not accounts of candidates.

The 6th section being the only one of the act that refers to the place of filing accounts, it follows that the act does not authorize Mr. Potter to file his account in Union County, and being there without any mandate of law, it is there as a mere nullity.

In considering the petition of the electors of Union County for an audit of Mr. Potter's account, we assumed that the petition is filed in time and is regular in form.

The 9th section of the act under consideration, which provides for audit of accounts, reads: "That within twenty days after the last day for the filing of any account required by this act," &c. Since the right to demand an audit can only be exercised with reference to an account required by the act, the petition must be set aside for want of an account to which it may apply.

The answer of the electors raises the objection that the rule was not awarded at a regular session of the court, and so could be made returnable

only to a regular term and not to the time set by the order granting the rule. By reason of this it is contended that it is not ripe for hearing. It appears, however, that this exception does not correctly recite the facts on which it is founded.

The minutes of the court below show that the court on Nov. 10th was an adjourned one from Oct. 22nd, and while the minutes do not disclose that any business was transacted at that time, the clerk states in open court that a regular session was held, that business was transacted of which he took notes, but had not yet transcribed them on the minutes.

Under these facts, the correctness of which we have no reason to doubt, a lawful court was in session on Nov. 10th which issued the rule under consideration, and, under Rule No. 165 of the Courts of Union County, it was properly returnable on Nov. 16th.

Other questions have been raised by the answer, which we do not consider require particular notice at this time. From what we have said, we think the rule should be made absolute.

It is, therefore, ordered and decreed that the rule to show cause why the petition filed by the electors of Union County, praying for an audit of the expense account of Miles I. Potter, filed in Union County, should not be set aside, is made absolute.

From Cloyd Steininger, Lewisburg, Pa.